Spalding, J.,
dissenting. I dissent from the opinion expressed in this case by a majority of the court.
The fourth count, in my judgment, makes a case which, if supported by proof, will entitle the plaintiff to a recovery.
It is admitted that an agreement to indemnify for the performance of an unlawful act cannot, in general be enforced:' “ As where the defendant in consideration of 20s. assumed to *88 pay 40s. if he did not heat J. S. out of such a close.” 2 Leo 174.
“ But the act to be done must appear unlawful at the time, otherwise the promise will not be void.” Buller’s Nisi Prius 146.
Thus, where Harcourt brought one Battersey to an inn, and affirmed to the host that he arrested Battersey by virtue of a commission of rebellion, and requested the host to keep him safely over night, and promised to save him harmless, the promise was held to be binding, though the arrest and imprisonment were illegal. Story on Contracts, sec. 206.
It is said in 1 Viner’s Abridg. 299, that in commenting upon this case Hobart, C. J., said, “ it may be there is a difference between a public officer and a private man; for if the sheriff arrest a man unlawfully, and promises as before, this is a good assumpsit.”
In the case of Avery v. Salsey, 14 Pickering 374, it was held that a promise of indemnity made to the plaintiff by a person in no wise interested in the property upon which the trespass was committed, was binding; as the danger incurred hy the promisee was a valid consideration for the promise.
•In Coventry v. Barton, 17 Johnson 142, Judge Spencer after an examination of the authorities, lays down the rule “ that if the act directed or agreed to be done is known at the time to be a trespass, an express promise to indemnify would be illegal and void; but if it was not known at the time to be a trespass, the promise of indemnity is a good and valid promise.”
It is said, however, by my learned brethren that this rule must be confined to cases of indemnity for trespasses upoD property.
I can find no adjudged case that sanctions any such distinction, and I can see no propriety in adopting it in the present case.
The act which the plaintiff was called on to perform was to all appearance lawful. He was requested to lend his aid in preventing a forcible rescue from what was claimed to be a legal arn:st; he hesitated to do so, and was told by the magistrate who *89 Issued the execution that he should be indemnified against harm, I yield my assent to the doctrine laid down in the American Jurist, vol. 4, page 276, that “ignorance of the moral quality of actions, or of the law relating to offenses, will not excuse a breach of law, nor render legal an engagement to save an offender harmless in consideration of his committing a punishable offense
But in the case under consideration, the plaintiff did not commit a punishable offense. However much he may have subjected himself to damages for false imprisonment, he could not have been found guilty on an indictment for an assault and battery. The criminal intent is wanting.
If the writ in the hands of the constable had been legally issued, as it was claimed to have been, then the plaintiff would not have committed an unlawful act by interfering to prevent the rescue. The defendant undertook to be answerable for its legality, and promised to indemnify the plaintiff. I am at a loss to see how we are to prevent usurpation, or oppression in office, on the part of magistrates, by holding the promise of indemnity made by such a magistrate to be void, and by ruling that his innocent dupe shall suffer the whole penalty of the law.
I am of opinion that the demurrer to the fourth count should have been overruled, and consequently that the judgment of the common pleas was erroneous.